Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
1 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001

Attorneys for Defendant
WALMART INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FLOYD J. THOMPSON,<br><br>                          Plaintiff,<br><br>        vs.<br><br>WALMART, INC., a Delaware corporation; and Does 1 through 50, inclusive,<br><br>                          Defendants. | Case No.:<br><br>[*Removed from Sacramento County Superior Court, Civil Case No. 34-2022-00321312*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)**<br><br><br><br>Complaint Filed:  June 8, 2022<br>Trial Date:  None |

### <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant WALMART INC. ("Defendant"), by and through its attorneys of record, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Sacramento, to the United States District Court for the Eastern District of California, on the following grounds:

1.     On June 8, 2022, Plaintiff Floyd J. Thompson filed a Complaint in the Superior Court of the State of California in and for the County of Sacramento styled *Floyd J. Thompson v. Walmart, Inc.,* Case No. 34-2002-00321312.

FP 44415943.1

2.      A copy of Plaintiff's Complaint, filed by him in the Superior Court of the State of California, County of Sacramento, along with a copy of the Summons and all other materials served upon Defendant by Plaintiff, are attached hereto as Exhibit 1.  A true and correct copy of the Answer to the Complaint submitted for filing by Defendant in the Sacramento County Superior Court an served upon Plaintiff on July 19, 2022, is attached hereto as Exhibit 2.  Exhibits 1 and 2 constitute all process, pleadings, and orders known by Defendant to exist in this action.

3.      Removal of a case to federal court is governed in part by 28 U.S.C. section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

### TIMELINESS OF REMOVAL

4.      As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendant was served with the Summons and Complaint. Specifically, on June 22, 2022, Plaintiff served his Complaint upon Defendant's agent for service of process (CT Corporation) in California. (Declaration of Juan C. Araneda ("Araneda Decl.") ¶3, Exh. B.)

### BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP

5.      Pursuant to 28 U.S.C. section 1332, this Court also has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Sacramento County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441. *See also* L.R. 120(d).

6.      Walmart Inc., is a Delaware corporation, with its principal place of business in Arkansas. (Araneda Decl., ¶2, Exh. A; Complaint ¶2.) Walmart Inc., maintains its executive office in Arkansas, and the management of Walmart Inc.'s operations and finances is performed in Arkansas. (*Id.*)

7.      The defendants designated Does 1 through 50 in Plaintiff's Complaint are fictitious defendants and have not been served to Defendant's knowledge. (*See* Complaint, ¶7.) Un-served defendants need not join in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  Additionally, the citizenship of fictitious defendants is disregarded

1    for purposes of removal. 28 U.S.C. § 1441(b)(1).

2        8.    Plaintiff is a citizen of California. (Complaint ¶3.)   Accordingly, this action is

3    between citizens of different states, specifically California and Arkansas. This complete diversity

4    of citizenship existed at the time Plaintiff filed his Complaint and it exists at the time of this

5    removal.

6                            **AMOUNT IN CONTROVERSY**

7        9.    Plaintiff alleges claims for damages that exceed $75,000. As discussed further

8    below, Plaintiff's Complaint seeks unspecified amounts of compensatory damages for lost

9    earnings, employment benefits, and other damages. (Complaint, ¶¶38, 54, 71, 87, 96, 108, 118 and

10   Prayer for Relief.)   Plaintiff also seeks unspecified amounts of general damages for alleged

11   emotional distress damages. (Complaint, ¶¶39, 55, 72, 88, 97, 119, and Prayer for Relief.)

12       10.    In cases where the state court complaint is silent or unclear as to the amount of

13   damages sought by the plaintiff, a defendant must establish that the amount in controversy exceeds

14   $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v.*

15   *Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). The "amount in controversy" requirement is

16   satisfied by setting forth, in the removal petition, underlying facts supporting defendant's assertion

17   that the amount in controversy exceeds $75,000. *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447,

18   450 (S.D. Cal. 1995).

19       11.    In determining the amount in controversy for purposes of assessing the propriety of

20   a removal, a Court must assume that the allegations in the complaint are true and must assume that

21   a jury will return a verdict for the plaintiff on all claims made in the Complaint. *See, White v. FCI*

22   *USA, Inc.,* 319 F.3d 672, 674-76 (5th Cir. 2003). As set forth below, even a low estimate of what

23   Plaintiff could recover if the jury ruled for him on all of his claims in the Complaint would

24   unavoidably result in an overall recovery that would exceed $75,000.

25       12.    Among the damages sought in Plaintiff's Complaint are damages for claims under

26   the California Fair Employment and Housing Act ("FEHA") (i.e., disability discrimination, failure

27   to provide reasonable accommodation, failure to engage in the interactive process, failure to

28   prevent discrimination, and retaliation), as well as a claim for wrongful termination in violation of

3

public policy.  If Plaintiff is successful on these claims, Plaintiff will be entitled to recover lost past and future earnings and related employee benefits.  *See, Commodore Home Systems, Inc. v. Superior Court*, 21 Cal.3d 211, 221 (1982); *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal.3d 176, 181 (1970).

13.    As noted, among the damages sought in Plaintiff's Complaint are claims for loss earnings and related employee benefits.  Plaintiff alleges that his "hourly rate was $13.00 per hour." (Complaint ¶17.)  Plaintiff alleges that his employment was terminated on June 13, 2020. (Complaint, ¶26.) Thus, based on Plaintiff's allegations, Plaintiff's alleged backpay wage loss alone based on a full-time schedule, not taking into account alleged lost benefits, at the time of removal is $54,080 ($13.00 per hour x 40 hours per week x 104 weeks since termination). Of course, this amount would increase through the time of trial.

14.    Plaintiff has also asserted a Tenth Cause of Action for waiting time penalties under California Labor Code section 203(a) for the alleged failure to timely pay final wages.  (Complaint ¶¶133-140). "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff**.**" *Saulic v. Symantec Corp.*, No. SA 07-cv-00610-AHS-PLAx, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007). As such, waiting time penalties further add $3,120 ($13.00 per hour x 8 hours per day x 30 days)  to the amount in controversy.

15.    Plaintiff has also asserted a Sixth Cause of Action for retaliation under California Labor Code section 1102.5.  (Complaint ¶¶100-110.) Section 1102.5 provides as a remedy a penalty of up to $10,000. (Cal. Labor Code §1102.5(f).) As such, this penalty further adds $10,000 to the amount in controversy.

16.    Emotional distress damages are also considered in determining the amount in controversy.  *See Kroske v. U.S. Bank Corp.* 432 F.3d 976, 980 (9th Cir. 2005).  Assuming, as one must, that a jury found Defendant to have discriminated against Plaintiff on the basis of his alleged disability then a six-figure award of emotional distress damages seems unavoidable. Experience and common sense dictate that even the most conservative jury, could not possibly find for Plaintiff on all of those claims and yet fail to award him at least $25,000 in emotional distress damages.  As

4

1  the Ninth Circuit in *Kroske* reasoned, emotional distress damages "would add at least an additional

2  $25,000" to a plaintiff's claim. *Kroske* at 980.

3      17.    Attorneys' fees (future and accrued) are also properly considered in calculating the

4  amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift*

5  *Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia,* 142

6  F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount

7  in controversy, regardless of whether such an award is discretionary or mandatory).  If Plaintiff

8  prevails on his causes of action under the FEHA, then the law is clear that he will be awarded his

9  reasonable attorneys' fees. Even if Plaintiff's counsel is extremely efficient, it would defy belief

10  that his attorneys would incur less than $40,000 if they litigated this case through pleadings,

11  discovery, motions, pre-trial and trial. Indeed, in *Ponce v. Med. Eyeglass Ctr., Inc.*, No.

12  215CV04035CASJEMX, 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015), for example, the

13  court recognized that rates for attorneys may range between $425.00 to $725.00 per hour and that

14  estimates of the number of hours expended through trial for employment cases have ranged from

15  100 to 300 hours.  Assuming a conservative rate of only $400.00, even if only 100 hours are spent

16  on a case, attorneys' fees alone would total approximately $40,000. *Id.*

17      18.    With respect to Plaintiff's request for punitive damages, federal courts have noted

18  that most punitive damage verdicts against larger corporations are substantial. *Richmond, supra,*

19  897 F.Supp. at 450-51; *see also Aucina v. Amoco Oil Co.* 871 F.Supp. 332, 334 (S.D. Iowa 1994)

20  (concluding in a discrimination and wrongful termination case that the purpose of punitive

21  damages is to capture the defendant's attention and to deter others from similar conduct and, thus,

22  the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum).  When

23  one assumes, as is mandated in this analysis, that Plaintiff will prevail on all of his causes of action,

24  and that the jury would award him punitive damages, it is hard to imagine that punitive damages

25  would be less than $75,000.

26      19.    Based upon the foregoing, it is respectfully submitted that the amount in

27  controversy exceeds $75,000, and that this action is properly removed to this Court.

28  ///

NOTICE OF REMOVAL

1

**VENUE**

2        20.     This action is now pending in Superior Court of the State of California, County of

3   Sacramento, and thus may be properly removed to the United States District Court for the Eastern

4   District of California, sitting in Sacramento, pursuant to 28 U.S.C. section 1441(a). *See also* L.R.

5   120(d).

6

**INTRA-DISTRICT ASSIGNMENT**

7        21.     Pursuant to 28 U.S.C. section 1391(a)(2), venue is proper in the United States

8   District Court for the Eastern District of California, sitting in Sacramento, because a substantial

9   part of the alleged events giving rise to the claims in this lawsuit occurred in the County of

10  Sacramento, and this is an action arising in Sacramento County. *See* L.R. 120(d).

11       22.     Promptly after filing of this Notice of Removal, Defendant will file in the Superior

12  Court of the State of California, County of Sacramento, its Notice of Filing of Notice of Removal,

13  with a copy of this Notice of Removal attached thereto. A copy of Defendant's Notice of Filing of

14  Notice of Removal is attached hereto as <u>Exhibit 3</u>.  Further, Defendant has served upon Plaintiff a

15  copy of this Notice of Removal and will promptly serve upon Plaintiff a copy of Defendant's

16  Notice of Filing of Notice of Removal.

17       23.     This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal

18  Rules of Civil Procedure.

19

20  DATED:  July 21, 2022                       FISHER & PHILLIPS LLP

21

22                                              By:  <u>*/s/ Juan C. Araneda*</u>

23                                                   Jason A. Geller
                                                     Juan C. Araneda
24                                                   Attorneys for Defendant
                                                     WALMART INC.
25

26

27

28

6

FP 44415943.1

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Montgomery Street, Suite 3400, San Francisco, California 94104.

On July 21, 2022 I served the foregoing document entitled **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Michael J. Jaurigue                                      **_Attorneys for Plaintiff_**
S. Sean Shahabi                                          Floyd J. Thompson
Barbara DuVan-Clarke
JAURIGUE LAW GROUP                                       Telephone: 818.630.7280
300 West Glenoaks Boulevard, Suite 300                   Facsimile: 888.879.1697
Glendale; California 91202
                                                         Email:
                                                         michael@jlglawyers.com
                                                         sean@jlglawyers.com
                                                         barbara@jlglawyers.com

☒      **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒      **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed July 21, 2022 at San Francisco, California.

Sue Anne Travers                              By:  /s/*Sue Anne Travers*
_____                            _____
Print Name                                                        Signature

# EXHIBIT 1

CORRECTED
## SUMMONS
### (CITACION JUDICIAL)



SUM-100

FILED
Superior Court Of California,
Sacramento

06/20/2022 *(SOLO PARA USO DE LA CORTE)*
Ibaldwin1

By_____, Deputy

Case Number:
**34-2022-00321312**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALMART, INC, a Delaware Corporation; and Does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FLOYD J. THOMPSON,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Sacramento <br> 720 9th Street <br> Sacramento, CA 95814 | CASE NUMBER: *(Número del Caso):* <br> 34-2022-00321312 <br> <br> **FILED BY FAX** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Jaurigue (SBN208123); Jaurigue Law Group, 300 W. Glenoaks Blvd., Suite 300, Glendale, CA 91202, 818-630-7280

| DATE: <br> *(Fecha)* | JUN 2 0 2022 | Clerk, by <br> *(Secretario)* | L. BALDWIN | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WALMART, INC, a Delaware Corporation;

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date)*

Page 1 of 1

FILED
Superior Court Of California,
Sacramento
06/08/2022
kjohnson12
By_____ , Deputy
Case Number:
**34-2022-00321312**

1   Michael J. Jaurigue (SBN 208123)
    S. Sean Shahabi (SBN 204710)
2   Barbara DuVan-Clarke (SBN 259268)
    JAURIGUE LAW GROUP
3   300 West Glenoaks Boulevard, Suite 300
    Glendale, California 91202
4   Telephone:  818.630.7280
    Facsimile:  888.879.1697
5   service@jlglawyers.com
    michael@jlglawyers.com
6   sean@jlglawyers.com
    barbara@jlglawyers.com
7

8   *Attorneys for Plaintiff*
    FLOYD J. THOMPSON

9

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## SACRAMENTO COUNTY

| | |
|---|---|
| FLOYD J. THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART, INC, a Delaware Corporation; and<br>Does 1 through 50, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>1.  Disability Discrimination in Violation of FEHA<br>2.  Failure to Provide Reasonable Accommodations in Violation of FEHA<br>3.  Failure to Engage in Good Faith Interactive Process in Violation of FEHA<br>4.  Retaliation in Violation of FEHA<br>5.  Failure to Prevent Discrimination, Harassment, and/or Retaliation in Violation of FEHA<br>6.  Retaliation for Reporting Illegal Violation, Cal. Lab. Code § 1102.5<br>7.  Wrongful Termination in Violation of Public Policy<br>8.  Failure to Provide Meal Periods<br>9.  Failure to Authorize or Permit Rest Periods<br>10. Failure to Timely Pay Final Wages<br>11. Unfair Competition, Cal. Bus. & Prof. Code, § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1

1      1.      Plaintiff FLOYD J. THOMPSON ("Plaintiff") individually, brings this action against

2   Defendants WALMART, INC., and Does 1 through 50, inclusive (hereinafter, referred to collectively as

3   "Defendants") as follows:

4                                         *PARTIES*

5      2.      Defendants employed Plaintiff and permitted Plaintiff to work and exercised control over

6   Plaintiff's wages, hours, and working conditions.

7      3.      Plaintiff is, and at all times relevant to this action was, a resident of Sacramento County,

8   California.

9      4.      Plaintiff is informed and believes, and based thereon alleges, that Defendant WALMART,

10  INC. is a Delaware Corporation organized under the laws of the State of Delaware and registered in the

11  state of California.

12     5.      Defendant WALMART, INC., at all times relevant herein, was and is conducting business

13  in the state of California at 5821 Antelope Rd., Sacramento, California 95842.

14     6.      At all times relevant herein, Plaintiff was employed by Defendants in the County of

15  Sacramento, California at 5821 Antelope Rd., Sacramento, California 95842.

16     7.      Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and

17  therefore sues them by those fictitious names. The names, capacities, and relationships of Defendants

18  Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known

19  to Plaintiff.

20     8.      Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this

21  Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venturer of

22  each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the

23  things herein alleged, and, at all times, was acting within the course and scope of such agency,

24  employment, partnership, joint venture, or concert of action.

25     9.      Plaintiff is informed and believes and thereon alleges that at all relevant times each of the

26  Defendants was the integrated enterprise, joint employer of Plaintiff and was engaged with some or all of

27  the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the

28  other Defendants so as to be liable for the conduct of them. Plaintiff performed services for each and

                                          2
                                    COMPLAINT

1    every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control

2    of Plaintiff as employers, either directly or indirectly, and of the manner in which Defendants' business

3    was conducted.

4        10.    Plaintiff is further informed and believes and thereon alleges that all Defendants acted

5    pursuant to and within the scope of the relationships alleged above, that all Defendants knew or should

6    have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of

7    all other Defendants and that all Defendants acted pursuant to a conspiracy and agreement to do the things

8    alleged herein.

9        11.    Plaintiff makes the allegations in this complaint without any admission that, as to any

10    particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion, and Plaintiff reserves all

11    of Plaintiff's rights to plead in the alternative.

12                       ***JURISDICTION AND VENUE***

13        12.    The amount of damages sought herein is greater than $25,000. Hence this case is within

14    the unlimited jurisdiction of this Court.

15        13.    Plaintiff at all times relevant herein was a resident of the County of Sacramento, California.

16        14.    This Court has jurisdiction over WALMART, INC. because at all times relevant, it is and

17    was authorized to transact, and is transacting business in Sacramento County, California.

18        15.    Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts,

19    events, and omissions complained of herein occurred in Sacramento County, California.

20        16.    Plaintiff has exhausted all of the administrative requirements for proceeding with his

21    claims under the FEHA by timely filing an administrative complaint against Defendants with the

22    Department of Fair Employment and Housing ("DFEH") on or around June 7, 2022, and receiving a

23    Notice of Case Closure/Right-to-Sue Letter dated June 7, 2022. Attached hereto as **Exhibit 1** is a true and

24    correct copy of Plaintiff's DFEH administrative complaint. Attached hereto as **Exhibit 2** is a true and

25    correct copy of Plaintiff's DFEH Notice of Case Closure/Right-to-Sue letter.

26                       ***GENERAL ALLEGATIONS***

27        17.    Defendants hired Plaintiff as a Customer Availability Process ("CAP") Team Associate on

28    or around August 9, 2017. Plaintiff's duties included supervising inventory available, supervising and

1   assisting teams on how to unload and upload inventory trucks, and coordinating with other teams to deliver

2   inventory. Plaintiff's hourly rate was $13.00 per hour.

3         18.    Throughout the entirety of Plaintiff's employment, Defendants failed to authorize or permit

4   Plaintiff to take legally compliant rest periods and/or provide meal periods. Plaintiff did not receive timely

5   meal and/or rest periods, as his rest and meal periods were frequently interrupted and/or drastically

6   shortened.

7         19.    In or about October 2018, Plaintiff informed his shift supervisor he suffered from a non-

8   work-related shoulder injury that was properly treated and had fully healed. During his employment as a

9   CAP Team Associate, he re-injured his shoulder when Plaintiff had to use repetitive motions to use a

10   pulling jack to carry an approximately 1,200-pound object. Plaintiff immediately notified his direct

11   supervisor on shift, Mike (last name unknown; hereinafter "Mike"), about the injury, but Mike's response

12   was to "quit trying and toughen up."

13         20.    Plaintiff continued to perform his duties with an injured shoulder. Then on or about

14   November 14, 2019, Plaintiff exacerbated his injury when he pulled a pallet off a truck. Plaintiff

15   immediately notified his direct supervisor on shift, Mohammed Rashid ("Rashid") who directed him to

16   the general supervisor and personnel representative, Shelly (last name unknown; hereinafter "Shelly"),

17   who sent Plaintiff home with instructions to not return to work without a doctor's note.

18         21.    On or around November 15, 2019, Plaintiff went to the emergency room to treat his

19   shoulder. Per the emergency room doctor's instruction, Plaintiff was advised to see an orthopedic surgeon

20   and restricted Plaintiff to light duty.

21         22.    On or about November 16, 2019, Plaintiff provided the required notice to return to work

22   with his work restrictions that included, but not limited to, lifting and pulling objects of more than 25

23   pounds Plaintiff was told he could not be accommodated as there were no light duty positions available,

24   and Defendants placed Plaintiff on disability leave. However, Plaintiff is informed, believes, and thereon

25   alleges that Defendants had light duty positions such as door greeter and jewelry counter. Plaintiff

26   complained to Shelly in November and December 2019 that these positions were available, but Shelly

27   dismissed Plaintiff's statements each time, and refused to give him a light duty position.

28         23.    Further, in or around December 2019, Plaintiff went to an orthopedic surgeon who

1    indicated that Plaintiff required surgery. Plaintiff immediately informed Defendants, and was directed to

2    provide all surgery-related documentation to their third-party provider, Sedgwick ("Sedgwick").

3        24.    Plaintiff provided all documentation requested during his leave of absence, including that

4    recovery would take approximately one (1) year. Then, on or about May 26, 2020, Plaintiff received a

5    letter dated May 23, 2020, stating that he had three days to show up to work, or Defendants would consider

6    his absence as a voluntary termination. On the next day, Plaintiff contacted Sedgwick's representative that

7    he was in constant contact, but Plaintiff was informed that the representative was out on leave. On or about

8    May 27, 2020, Plaintiff went to his workplace to talk to a personnel representative, Patty (last name

9    unknown; hereinafter "Patty"), about the letter, and when he tried to explain that he received the letter on

10   the third day, Patty dismissed Plaintiff by stating "it was too late."

11       25.    When Plaintiff was redirected to the current shift supervisor, Batali (last name unknown;

12   hereinafter "Batali"). Plaintiff tried to explain his situation to Batali but was told the process was already

13   in motion and suggested Plaintiff talk to Human Resources.

14       26.    As a final attempt to preserve his job, Plaintiff requested to speak with Defendant's Human

15   Resources representative, Jennifer Frick ("Frick"). Plaintiff was advised that Frick was on leave, and there

16   were no other representatives available to help him. Plaintiff was terminated on June 13, 2020.

17       27.    Plaintiff was clearly discriminated against, retaliated against, and wrongfully terminated

18   on the basis of his disability.

19                                **FIRST CAUSE OF ACTION**

20                       *Disability Discrimination in Violation of FEHA*

21                       *(On Behalf of Plaintiff Against All Defendants)*

22       28.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

23   forth in this Complaint.

24       29.    Government Code section 12940(a) provides in relevant part:

25           It is an unlawful employment practice. . . (a) [f]or an employer, because of

26           the. . . physical disability, mental disability to discharge the person from
        employment. . . or to discriminate against the person in compensation or in

27           terms, conditions, or privileges of employment.

28       30.    Defendants discriminated against Plaintiff based on Plaintiff's disability and history of

1  disability.

2      31.    At all times relevant herein Defendants were employers who employed five (5) or more

3  employees and were therefore bound by FEHA.

4      32.    Defendants employed Plaintiff.

5      33.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as

6  a history of disability that limited a major life activity.

7      34.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable

8  accommodation for Plaintiff's disability. Defendants refused to provide a reasonable accommodation to

9  Plaintiff without engaging in a good faith interactive process. Instead, Defendants terminated Plaintiff for

10  failing to appear for work even though he needed to take a leave of absence due to Plaintiff's disability.

11      35.    Defendants discharged Plaintiff in violation of the FEHA due to Plaintiff's disability.

12      36.    Plaintiff suffered harm when he was discriminated against and discharged by Defendants.

13      37.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

14      38.    As a direct and proximate result of the aforementioned adverse employment actions by

15  Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings

16  and other employment benefits in an amount according to proof at trial.

17      39.    As a direct and proximate result of Defendants' wrongful termination of Plaintiff's

18  employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's

19  damage in an amount according to proof at trial.

20      40.    The conduct of Defendants and each of them as described above was malicious, fraudulent,

21  or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each

22  of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and

23  ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against

24  each of said Defendants.

25      41.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

26  fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.

27  Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is

28  entitled to an award of reasonable attorneys' fees and costs.

*SECOND CAUSE OF ACTION*

*Failure to Provide Reasonable Accommodations in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

42.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

43.     Government Code section 12940(m)(1) provides in relevant part:

> It is an unlawful employment practice. . . (m)(1) [f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.

44.     California Code of Regulations, Title 2 section 11068 provides in relevant part:

> (a) Affirmative Duty. An employer or other covered entity has an affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship.
> . . .
> (e) Any and all reasonable accommodations. An employer or other covered entity is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship. The employer or other covered entity shall consider the preference of the applicant or employee to be accommodated, but has the right to select and implement an accommodation that is effective for both the employee and the employer or other covered entity.

45.     At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

46.     Defendants employed Plaintiff.

47.     Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

48.     Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

49.     Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's

7

1   disability so that he would be able to perform the essential job requirements.

2       50.   Defendants refused to provide a reasonable accommodation to Plaintiff, and did so without

3   engaging in a good faith interactive process.  Instead, Defendants terminated Plaintiff for failing to appear

4   for work even though Plaintiff needed to take a leave of absence due to Plaintiff's disability.

5       51.   Plaintiff was discharged in violation of the FEHA by Defendants due to Plaintiff's

6   disability.

7       52.   Plaintiff suffered harm when he was denied a reasonable accommodation by Defendants.

8       53.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

9       54.   As a direct and proximate result of the aforementioned adverse employment actions by

10   Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings

11   and other employment benefits in an amount according to proof at trial.

12       55.   As a direct and proximate result of Defendants' wrongful termination of Plaintiff's

13   employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's

14   damage in an amount according to proof at trial.

15       56.   The conduct of Defendants and each of them as described above was malicious, fraudulent,

16   or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each

17   of them, and their agents/employees, managing agent and/or supervisors, authorized, condoned, and

18   ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against

19   each of said Defendants.

20       57.   Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

21   fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.

22   Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is

23   entitled to an award of reasonable attorneys' fees and costs.

24                              ***THIRD CAUSE OF ACTION***

25            *Failure to Engage in Good Faith Interactive Process in Violation of FEHA*

26                              *Cal. Gov. Code § 12940*

27                       *(On Behalf of Plaintiff Against All Defendants)*

28       58.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

1  forth in this Complaint.

2      59.    Government Code section 12940(n) provides in relevant part:

3
4          It is an unlawful employment practice. . . (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable
5          accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or
6          mental disability or known medical condition.

7
8      60.    California Code of Regulations Title 2 section 11069 provides in relevant part:

9          (a) Interactive Process. When needed to identify or implement an effective, reasonable accommodation for an employee or applicant with a disability,
10         the FEHA requires a timely, good faith, interactive process between an employer or other covered entity and an applicant, employee, or the
11         individual's representative, with a known physical or mental disability or medical condition. Both the employer or other covered entity and the
12         applicant, employee or the individual's representative shall exchange essential information identified below without delay or obstruction of the
13         process.

14

15     61.    At all times relevant herein Defendants were employers who employed five (5) or more
16 employees and were therefore bound by FEHA.

17     62.    Defendants employed Plaintiff.

18     63.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as
19 a history of disability that limited a major life activity.

20     64.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable
21 accommodation for Plaintiff's disability.

22     65.    Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's
23 disabilities so that he would be able to perform the essential job requirements.

24     66.    Defendants refused to provide a reasonable accommodation to Plaintiff without engaging
25 in a good faith interactive process. When Plaintiff was restricted to light duties, Defendants could have
26 accomodated Plaintiff's restrictions by having Plaintiff work in a different position, such as a door greeter
27 or jewelry counter, but Defendants instead refused to engage in a good faith interactive process. Plaintiff
28 also required medical leave following his shoulder surgery in January of 2020, but Defendants again

1   refused to engage in a good faith interactive process and instead terminated Plaintiff while he was on leave

2   due to his disability.

3        67.    At all times material to this Complaint, Plaintiff was willing to participate in an interactive

4   process to determine whether reasonable accommodation could be made so that Plaintiff would be able to

5   perform the essential job requirements.

6        68.    Plaintiff was discharged in violation of the FEHA by Defendants due to Plaintiff's

7   disability.

8        69.    Plaintiff suffered harm when Defendants failed to engage in a good faith interactive process

9   with Plaintiff.

10       70.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

11       71.    As a direct and proximate result of the aforementioned adverse employment actions by

12  Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings

13  and other employment benefits in an amount according to proof at trial.

14       72.    As a direct and proximate result of Defendants' wrongful termination of Plaintiff's

15  employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's

16  damage in an amount according to proof at trial.

17       73.    The conduct of Defendants and each of them as described above was malicious, fraudulent,

18  or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each

19  of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and

20  ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against

21  each of said Defendants.

22       74.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

23  fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.

24  Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is

25  entitled to an award of reasonable attorneys' fees and costs.

26  ///

27  ///

28  ///

10

*FOURTH CAUSE OF ACTION*

*Retaliation in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

75.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

76.     The FEHA prohibits an employer from discriminating against or retaliating against an employee for opposing any practice forbidden by the FEHA or because the person has made a complaint about conduct perceived to be a violation of the FEHA. This subsection was amended in 2015 to explicitly prohibit retaliation for requesting accommodation, in particular, in Cal. Gov. Code 12940, subsections (l) and (m).

77.     Defendants are employers bound by FEHA.

78.     Defendants employed Plaintiff.

79.     During Plaintiff's employment with Defendants, Plaintiff suffered from disabilities and requested accommodation as described herein.

80.     Plaintiff's physical conditions limited Plaintiff's ability to participate in major life activities, including work.  Plaintiff was able to perform Plaintiff's essential job duties with reasonable accommodation(s) for Plaintiff's physical conditions, such as being able to continue to work remotely, as well as being provided with brief periods of medical leave.

81.     Defendants knew that Plaintiff had a physical disability, which limited major life activities, including work, and/or treated Plaintiff as if Plaintiff had a physical disability which limited major life activities, including work.

82.     Plaintiff requested reasonable accommodations for disabilities, including but not limited to work restrictions limiting him to lifting and/or pushing objects of no more than 25 pounds and a leave of absence to recover from shoulder surgery.

83.     Defendants retaliated against Plaintiff because of Plaintiff's requests for reasonable accommodation. On or about June 23, 2020, Defendants terminated Plaintiff's employment.

84.     Plaintiff is informed and believes and based thereon alleges that Plaintiff's requests for reasonable accommodation(s) were motivating factors in Defendants' decision to terminate Plaintiff's

1   employment in violation of FEHA.

2       85.     Plaintiff is informed and believes and based thereon alleges that the decision to terminate

3   Plaintiff was made and/or ratified by Defendants' managing agents, officers and/or directors who were

4   conscious of Plaintiff's right to medical leave and/or reasonable accommodations in Plaintiff's

5   employment under the FEHA, but disregarded those rights and acted with the intent to cause Plaintiff

6   injury by terminating Plaintiff's employment. Defendants' disregard of Plaintiff's statutory rights is in

7   violation of statute and public policy and would be looked down on and despised by reasonable persons.

8       86.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

9       87.     As a direct and proximate result of the aforementioned adverse employment actions by

10  Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings

11  and other employment benefits in an amount according to proof at trial.

12      88.     As a direct and proximate result of Defendants' wrongful termination of Plaintiff's

13  employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's

14  damage in an amount according to proof at trial.

15      89.     The conduct of Defendants and each of them as described above was malicious, fraudulent,

16  or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each

17  of them, and their agents/employees, managing agents, and/or supervisors, authorized, condoned, and

18  ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against

19  each of said Defendants.

20      90.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

21  fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.

22  Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is

23  entitled to an award of reasonable attorneys' fees and costs.

24                          ***FIFTH CAUSE OF ACTION***

25          *Failure to Prevent Discrimination and Retaliation in Violation of FEHA*

26                      *(On Behalf of Plaintiff Against All Defendants)*

27      91.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

28  forth in this Complaint.

12

92.  Government Code section 12940(k) provides in relevant part:

It is an unlawful employment practice . . .[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

93.  Defendants failed to take all reasonable steps necessary to prevent discrimination and/or retaliation of Plaintiff based on his disability.

94.  Plaintiff suffered and continues to suffer harm as a result of Plaintiff's discharge by Defendants.

95.  Defendants' conduct was a substantial factor in causing Plaintiff's harm.

96.  As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

97.  As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

98.  The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

99.  Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

///

///

///

///

13

COMPLAINT

*SIXTH CAUSE OF ACTION*

*Retaliation for Reporting Illegal Violation*

*Cal. Lab. Code § 1102.5*

*(On Behalf of Plaintiff Against All Defendants)*

100.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

101.    Labor Code section 1102.5(b) provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

102.    Defendants employed Plaintiff.

103.    Plaintiff complained to Defendants regarding certain practices by Defendants that Plaintiff reasonably believed were unlawful.

104.    Plaintiff complained about those perceived illegal violations to persons with authority over Plaintiff and other employees of Defendants that had the authority to investigate, discover, or correct those illegal violations.

105.    As a result of the foregoing complaints by Plaintiff, Defendants retaliated against Plaintiff by terminating Plaintiff, rather than taking appropriate actions to investigate or correct the perceived unlawful practices.

106.    Plaintiff was harmed.

107.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

108.    As a proximate result of Defendants' conduct, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial. These damages include lost income, lost benefits, great anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and legal fees and costs in the hiring of legal counsel, all to Plaintiff's damage in an amount according to proof at trial.

109.   The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agents/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

110.   PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial, in particular, pursuant to attorneys' fees allowed pursuant to amendments to Cal. Lab. Code 1102.5 *et seq.*

## SEVENTH CAUSE OF ACTION

*Wrongful Termination in Violation of Public Policy*

*(On Behalf of Plaintiff Against All Defendants)*

111.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

112.   Plaintiff's termination violates fundamental principles of public policy in that there is a substantial and fundamental policy against terminating employees for unlawful purposes, including on account of Plaintiff's disability and retaliation for complaining about disability discrimination.

113.   Defendants employed Plaintiff.

114.   Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy by terminating him due to his disability and because he complained that Defendants were not accommodating his disability.

115.   Plaintiff was harmed.

116.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

117.   In doing the acts described herein, Defendants deprived Plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

118.   As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

119.   As a proximate result of Defendants' willful, despicable, and intentional conduct towards

1  Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of

2  such damages to be determined by proof at trial.

3    120.    The conduct of Defendants and each of them as described above was malicious, fraudulent,

4  or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each

5  of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful

6  conduct of each other.   Consequently, Plaintiff is entitled to punitive damages against each of said

7  Defendants.

8    ***EIGHTH CAUSE OF ACTION***

9    *Failure to Provide Meal Periods*

10    *Cal. Lab. Code §§ 512, 226.7 and the Applicable Wage Order*

11    *(On Behalf of Plaintiff Against All Defendants)*

12    121.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

13  forth in this Complaint.

14    122.    From on or around August 17, 2017, until his termination, Plaintiff worked as an hourly,

15  non-exempt employee for Defendants, covered by Labor Code sections 512 and 226.7 and the applicable

16  Wage Order.

17    123.    California law requires an employer to provide its employees an uninterrupted meal period

18  of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer

19  relinquishes control over the employee's activities no later than the end of the employee's fifth hour of

20  work and a second meal period no later than the employee's tenth hour of work. (Labor Code sections

21  226.7, 512; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004). If the employer requires

22  the employee to remain at the work site or facility during the meal period, the meal period must be paid.

23  This is true even where the employee is relieved of all work duties during the meal period. (*Bono*

24  *Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968). If the employee is not free to leave the work

25  premises or worksite during the meal period, even if the employee is relieved of all other duty during the

26  meal period, the employee is subject to the employer's control and the meal period is counted as time

27  worked.

28    124.    If an employer fails to provide an employee a meal period in accordance with the law, the

1   employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each

2   workday that a legally required and compliant meal period was not provided. (Labor Code section 226.7).

3       125.   In this case, Plaintiff worked shifts long enough to entitle him to meal periods under

4   California law. Nevertheless, Defendants failed to provide Plaintiff with compliant, duty-free meal

5   periods. Such practices but were not limited to routinely interrupting Plaintiff's meal period to address

6   malfunctioning equipment and/or assist customers with payment related issues.

7       126.   Similarly, Defendants also failed to pay premium wages to Plaintiff to compensate him for

8   each workday he did not receive all legally required and/or compliant meal periods.

9       127.   Pursuant to Labor Code section 226.7 and the Wage Order, DEFENDANTS are liable to

10  Plaintiff for one (1) hour of additional pay at his regular rate of compensation for each workday that

11  Defendants did not provide all legally required and compliant meal periods plus pre-judgment interest.

12  **NINTH CAUSE OF ACTION**

13  *Failure to Authorize or Permit Rest Periods*

14  *Cal. Lab. Code § 226.7 and the Applicable Wage Order*

15  *(On Behalf of Plaintiff Against All Defendants)*

16      128.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

17  forth in this Complaint.

18      129.   From in or around August 17, 2017, until his termination, Plaintiff worked as an hourly,

19  non-exempt employee for Defendants, covered by Labor Code section 226.7 and the applicable Wage

20  Order.

21      130.   California law requires that "[e]very employer shall authorize and permit all employees to

22  take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized

23  rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time

24  per four (4) hours or major fraction thereof...." Wage Order 4, §12. Employees are entitled to 10 minutes

25  rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours

26  up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant*

27  *Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code §226.7. Additionally, the rest

28  period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest

1    periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods

2    employers must relieve employees of all duties and relinquish control over how employees spend their

3    time. *Id.* If an employer fails to provide an employee a rest period in accordance with the applicable

4    provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's

5    regular rate of compensation for each work day that the rest period is not provided." Wage Order 4, §12;

6    Labor Code §226.7.

7    131.    In this case, Plaintiff regularly worked shifts of more than three-and-a-half (3.5) hours.

8    Nevertheless, Defendants employed practices that failed to authorize and/or permit Plaintiff to receive all

9    legally required and compliant rest periods. Such practices but were not limited to routinely interrupting

10   Plaintiff's rest period to address malfunctioning equipment and/or assist customers with payment related

11   issues.

12   132.    Similarly, Defendants failed to pay Plaintiff one (1) hour of pay at his regular rate of pay

13   for each workday he did not receive all legally required and/or legally compliant rest periods. Pursuant to

14   Labor Code section 226.7 and the applicable Wage Order Defendants are liable to Plaintiff for one (1)

15   hour of additional pay at the regular rate of compensation for each workday that Defendants did not

16   provide all legally required and/or legally compliant rest periods plus pre-judgment interest.

17                           *TENTH CAUSE OF ACTION*

18                   *Failure to Timely Pay Final Wages/Continuing Wages*

19                        *Cal. Lab. Code §§ 201 and 203*

20                    *(On Behalf of Plaintiff Against All Defendants)*

21   133.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

22   forth in this Complaint.

23   134.    Labor Code section 201 provides, in pertinent part: "[i]f an employer discharges an

24   employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal.

25   Lab. Code § 201(a).

26   ///

27   ///

28   ///

135.   Labor Code section 203(a) provides in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with [s]ections 201 . . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

*Id.* § 203(a).

136.   As a result of Defendants' conduct, Plaintiff has suffered damages in an amount, subject to proof, to the extent he was not paid for all wages earned prior to termination.

137.   Pursuant to California Labor Code section 201, Plaintiff was entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees are entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.

138.   As detailed above, in violation of California law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned and all hours worked.

139.   Defendants have terminated the employment of Plaintiff, yet he is still owed compensation for all wages earned and all hours worked.  Accordingly, Plaintiff is entitled to the continuing wages set forth in section 203.

140.   Pursuant to Labor Code section 203, Plaintiff is entitled to continuing wages for up to thirty days, restitution and damages according to proof, interest thereon, attorneys' fees, and costs of suit.

### ELEVENTH CAUSE OF ACTION

*Unfair Competition*

*Cal. Bus. & Prof. Code § 17200 et seq.*

*(On Behalf of Plaintiff Against All Defendants)*

141.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

142.   As alleged above, Defendants have failed to provide Plaintiff all required meal and rest breaks.

143.   On information and belief, by violating the provisions of the Labor Code and Wage Orders, Defendants have gained a competitive advantage and unfairly injured competitors in violation of Cal. Bus.

1  & Prof. Code § 17203.

2      144.   The victims of these unfair and illegal business practices include, but are not limited to

3  Plaintiff, Defendants' other employees, competing businesses, and the general public.   Plaintiff is

4  informed and believes, and based thereon alleges, Defendants performed the above-mentioned acts with

5  the intent of gaining an unfair competitive advantage.

6      145.   The identity of the precise persons to whom restitution should be made is a matter that can

7  be ascertained from Defendants' records, which they are required to keep and maintain.

8      146.   Plaintiff's efforts in securing the requested relief will result "in the enforcement of an

9  important right affecting the public interest," as "a significant benefit, whether pecuniary or nonpecuniary,

10  [will] be[] conferred on . . . a large class of persons."  Cal. Civ. Proc. Code § 1021.5.  Because "the

11  necessity and financial burden of private enforcement . . . are such as to make [an attorney's fees] award

12  appropriate, and [because attorney's fees] should not in the interest of justice be paid out of the recover,

13  if any," Plaintiff requests an award of reasonable attorneys' fees pursuant to section 1021.5 of the

14  California Code of Civil Procedure. *Id.*

15      147.   Pursuant to Business and Professions Code section 17203, Plaintiff requests restitution and

16  disgorgement of wages and premiums wrongfully retained by Defendants in violation of Business and

17  Professions Code sections 17200 *et seq.*

18                          ***PRAYER FOR RELIEF***

19          WHEREFORE, Plaintiff respectfully requests the following relief:

20      1.     For an award of compensatory damages, including without limitation lost wages, earnings,

21  benefits, and other compensation, according to proof, as well as damages for emotional distress and pain

22  and suffering, according to proof as allowed by law;

23      2.     Equitable relief including, but not limited to, reinstatement;

24      3.     For an award of punitive damages as allowed by law;

25      4.     For a declaratory judgment that Defendant has violated California public policy;

26      5.     For an award of prejudgment and post-judgment interest;

27      6.     For an award of reasonable attorneys' fees;

28      7.     For statutory fees and/or penalties;

                              20

8.      For all costs of suit; and

9.      For an award of any other and further legal and equitable relief as the Court deems just and proper.


Dated: June 8, 2022                                JAURIGUE LAW GROUP

                                                   *Michael Jaurigue*

                                                   Michael J. Jaurigue
                                                   S. Sean Shahabi
                                                   Barbara DuVan-Clarke
                                                   *Attorneys for Plaintiff*
                                                   FLOYD J. THOMPSON

1

*DEMAND FOR JURY TRIAL*

2

Plaintiff requests a trial by jury as to all causes of action.

3

4
Dated: June 8, 2022

JAURIGUE LAW GROUP

5

*Michael Jaurigue*

6

Michael J. Jaurigue

7
S. Sean Shahabi
Barbara DuVan-Clarke

8
*Attorney for Plaintiff*
FLOYD J. THOMPSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

COMPLAINT

# EXHIBIT 1

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

3

**Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Floyd Thompson                                                 DFEH No. 202206-17230007

6

                              Complainant,

7

vs.

8

Walmart, Inc.
5821 Antelope Rd.,

9

Sacramento, CA 95842

10

                              Respondents

11

_____

12

13

**1.** Respondent **Walmart, Inc.** is an **employer** subject to suit under the California Fair
Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15

**2.** Complainant **Floyd Thompson**, resides in the City of **Glendale**, State of **CA.**

16

17

**3.** Complainant alleges that on or about **June 13, 2020**, respondent took the
following adverse actions:

18

19

**Complainant was discriminated against** because of complainant's disability (physical or
mental) and as a result of the discrimination was terminated, denied reasonable
accommodation for a disability, denied work opportunities or assignments.

20

21

**Complainant experienced retaliation** because complainant requested or used a disability-
related accommodation and as a result was terminated, denied work opportunities or
assignments.

22

23

**Additional Complaint Details:** Walmart, Inc. ("Respondent) hired Floyd J. Thompson
("Complainant") as a Customer Availability Process ("CAP") Team Associate on or around

24

August 9, 2017. Complainant's duties included supervising inventory available, supervising

25

26

                                            -1-

27

*Complaint – DFEH No. 202206-17230007*

Date Filed: June 7, 2022

28

                                                        Form DFEH-ENF 80 RS (Revised 02/22)

1   and assisting teams on how to unload and upload inventory trucks, and coordinating with
    other teams to deliver inventory. Complainant's hourly rate was $13.00 per hour.

2

3   Throughout the entirety of Complainant's employment, Respondent failed to authorize or
    permit Complainant to take legally compliant rest periods and/or provide meal periods.
    Complainant did not receive timely meal and/or rest periods, as his rest and meal periods

4   were frequently interrupted and/or drastically shortened.

5   In or around October 2018, Complainant informed his shift supervisor he suffered from a
    non-work-related shoulder injury that was properly treated and had fully healed. During his

6   employment as a CAP Team Associate, he re-injured his shoulder when Complainant had to

7   use repetitive motions to use a pulling jack to carry an approximately 1,200-pound object.
    Complainant immediately notified his direct supervisor on shift, Mike (last name unknown;

8   hereinafter "Mike"), about the injury, but Mike's response was to "quit trying and toughen
    up."

9
    Complainant continued to perform his duties with an injured shoulder. Then on or about

10  November 14, 2019, Complainant exacerbated his injury when he pulled a pallet off a truck.
    Complainant immediately notified his direct supervisor on shift, Mohammed Rashid

11  ("Rashid") who directed him to the general supervisor and personnel representative, Shelly
    (last name unknown; hereinafter "Shelly"), who sent Complainant home with instructions to

12  not return to work without a doctor's note.

13  On or around November 15, 2019, Complainant went to the emergency room to treat his
    shoulder. Per the emergency room doctor's instruction, Claimant was advised to see an

14  orthopedic surgeon and restricted Complainant to light duty.

15  On or about November 16, 2019, Complainant provided the required notice to return to work

16  with his work restrictions that included, but not limited to, lifting and pulling objects of more
    than 25 pounds Complainant was told he could not be accommodated as there were no light

17  duty positions available, and Respondent placed Complainant on disability leave. However,
    Complainant is informed, believes, and thereon alleges that Respondent had light duty

18  positions such as door greeter and jewelry counter. Complainant complained to Shelly in
    November and December 2019 that these positions were available, but Shelly dismissed

19  Complainant's statements each time, and refused to give him a light duty position.

20  Further, in or around December 2019, Complainant went to an orthopedic surgeon who
    indicated that Complainant required surgery. Complainant immediately informed

21  Respondents, and was directed to provide all surgery-related documentation to their third-
    party provider, Sedgwick ("Sedgwick").

22
    Complainant provided all documentation requested during his leave of absence, including

23  that recovery would take approximately one (1) year. Then, on or about May 26, 2020,

24  Complainant received a letter dated May 23, 2020, stating that he had three days to show
    up to work, or Respondent would consider his absence as a voluntary termination. On the

25  next day, Complainant contacted Sedgwick's representative that he was in constant contact,

26                                           -2-
                                 *Complaint – DFEH No. 202206-17230007*

27  Date Filed: June 7, 2022

28
                                                        Form DFEH-ENF 80 RS (Revised 02/22)

1   but Complainant was informed that the representative was out on leave. On or about May
2   27, 2020, Complainant went to his workplace to talk to a personnel representative, Patty
    (last name unknown; hereinafter "Patty"), about the letter, and when he tried to explain that
3   he received the letter on the third day, Patty dismissed Complainant by stating "it was too
    late."

4   When Complainant was redirected to the current shift supervisor, Batali (last name
5   unknown; hereinafter "Batali"). Complainant tried to explain his situation to Batali but was
    told the process was already in motion and suggested Complainant talk to Human
6   Resources.

7   As a final attempt to preserve his job, Complainant requested to speak with Respondent's
    Human Resources representative, Jennifer Frick ("Frick"). Complainant was advised that
8   Frick was on leave, and there were no other representatives available to help him.
    Complainant was terminated on June 13, 2020.

9
10  Complainant was clearly discriminated against, retaliated against, and wrongfully terminated
    on the basis of his disability.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -3-
                            *Complaint – DFEH No. 202206-17230007*
27
    Date Filed: June 7, 2022
28

                                                        Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Michael Jaurigue**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On June 7, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Glendale, California**

-4-
*Complaint – DFEH No. 202206-17230007*

Date Filed: June 7, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

# EXHIBIT 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 7, 2022

Michael Jaurigue
300 W. Glenoaks Boulevard, Suite 300
Glendale, CA 91202

RE:     **Notice to Complainant's Attorney**
          DFEH Matter Number: 202206-17230007
          Right to Sue: Thompson / Walmart, Inc.

Dear Michael Jaurigue:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 7, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202206-17230007
      Right to Sue: Thompson / Walmart, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation. The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 7, 2022

Floyd Thompson
300 W. Glenoaks Boulevard, Suite 300
Glendale, CA 91202

RE:  **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 202206-17230007
     Right to Sue: Thompson / Walmart, Inc.

Dear Floyd Thompson:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective June 7, 2022 because
an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in DFEH's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in DFEH's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
DFEH's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number
indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael J. Jaurigue (SBN 208123); S. Sean Shahabi (SBN 204710); Barbara DuVan-Clarke (SBN 259268)<br>Jaurigue Law Group<br>300 W. Glenoaks Boulevard, Suite 300, Glendale, California 91202 | **FILED**<br>**Superior Court Of California,**<br>**Sacramento**<br>06/08/2022<br>kjohnson12<br>By_____, Deputy<br>**Case Number:**<br>**34-2022-00321312** |

TELEPHONE NO.: 818-630-7280   FAX NO. *(Optional):* 888-879-1697
E-MAIL ADDRESS: michael@jlglawyers.com; service@jlglawyers.com
ATTORNEY FOR *(Name):* Floyd J. Thompson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, California 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Floyd J. Thompson v. Walmart, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 8, 2022

Michael J. Jaurigue, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Michael Jaurigue*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice— Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case—Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

* **ADR can save time.**  Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

* **ADR can save money.**  By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

* **ADR provides more participation.**  Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

* **ADR provides more control and flexibility.**  Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

* **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.**  An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing.  If there is no such agreement, either party can reject the Arbitration award and request a trial.

---

Case 2:22-cv-01295-TLN-DB   Document 1   Filed 07/21/22   Page 46 of 62
Superior Court of California, County of Sacramento
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

<u>UNLIMITED CIVIL CASES</u>
- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement.*

<u>LIMITED CIVIL CASES</u>
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



**Arbitration**

*UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**

For additional information regarding the Court's ADR program, please go to the Court's website
http://www.saccourt.ca.gov.

# EXHIBIT 2

Jason A. Geller (SBN 168149)
Juan C. Araneda (SBN 213041)
FISHER & PHILLIPS LLP
1 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: (415) 490-9000
Fax: (415) 490-9001
jgeller@fisherphillips.com
jaraneda@fisherphillips.com

Attorneys for Defendant
WALMART INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| FLOYD J. THOMPSON,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WALMART, INC., a Delaware corporation;<br>and Does 1 through 50, inclusive,<br><br>             DEFENDANTS. | CASE NO: 34-2022-00321312<br><br>**DEFENDANT WALMART INC.'S<br>ANSWER TO COMPLAINT** |

Defendant WALMART INC. ("Defendant") hereby answers the Complaint filed by Plaintiff FLOYD J. THOMPSON ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

## THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

FP 44416175.1

## FOURTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation.

## FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

The Complaint, and each and every cause of action alleged there in, is barred by the avoidable consequences doctrine.

## SIXTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly discriminated or retaliated against.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

The Complaint, and each and every cause of action alleged therein, is barred in that any award of restitution would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT

FP 44416175.1

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory/nonretaliatory reason.

FP 44416175.1

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Penalty)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to any penalty, including but not limited to, penalties awarded under California Labor Code sections 98.6, 210, 226.3, 226.7, 558, 1102.5 and 1174.5. and IWC Order No. 12-2000, because, at all relevant times, Defendant did not willfully fail to comply with the compensation provisions of California law, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

FP 44416175.1

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Plaintiff is Not a Qualified Individual with a Disability)

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Same Decision Limits Remedies)

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Unconstitutionality of Penalties)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-2000, and any award of such penalties or damages would, in general or under the facts of Plaintiff's particular claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions.

FP 44416175.1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Timely Payment of Wages)**

Plaintiff was paid all wages due on a timely basis.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(No Waiting Time Penalties)**

Plaintiff's claims for waiting time penalties pursuant to California *Labor Code* § 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated as required by law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Good Faith and Reasonable Belief of Lawfully Compensating Plaintiff)**

At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Good Faith and Reasonable Belief Compliance with Labor Code)**

At all times Defendant was acting in good faith and had reasonable grounds for believing that its acts and/or omissions, including with regard to compensation, provision of meal and rest periods, and furnishing of wage statements to Plaintiff, were in full compliance with the law, and were not violations of any provision of the Labor Code relating to minimum wage, or of an order of the California Industrial Welfare Commission.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(No Liability for Non-Compliance with Rest Period Policies)**

Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely rest periods because any such instances were a result of Plaintiff's own decisions and/or his failure to follow Defendant's lawful policies and/or instructions with regard to such rest periods.

FP 44416175.1

### THIRTIETH AFFIRMATIVE DEFENSE

#### (No Knowledge of Non-Compliance with Rest Period Policies)

Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely rest periods because Defendant had no actual or constructive knowledge of such instances.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (No Liability for Non-Compliance with Meal Period Policies)

Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely meal periods because Plaintiff's unilateral choice to decline to exercise Plaintiff's right to take the legally provided meal periods to Plaintiff and/or Plaintiff's failure to timely obtain a remedy by complaining and/or taking reasonable measures to complain about any alleged impediments to such enjoyment of the legally required meal periods contemporaneously with the occurrence of such impediments (of which Defendant had no actual or constructive knowledge), utterly disqualify and bar Plaintiff from establishing a meal period violation.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (No Liability for Non-Compliance with Meal Period Policies)

Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely meal periods to the extent that Plaintiff was relieved of duty at times and during circumstances required by law and nonetheless chose unilaterally to continue working during such times.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (No Knowledge of Non-Compliance with Meal Period Policies)

Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely meal periods because Defendant had no actual or constructive knowledge of such instances.

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT

FP 44416175.1

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Plaintiff Was Authorized and Permitted to Take Rest and Meal Periods)**

Plaintiff is barred from collecting a rest and or meal period premium because Defendant, in fact, authorized and permitted Plaintiff to take rest and meal periods in accordance with the applicable Industrial Welfare Commission Wage Order.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Waiver)**

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Workers' Compensation)**

The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Additional Defenses)**

Defendant presently has insufficient knowledge on which to form belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant expressly reserves the right to amend its answer and to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and upon Defendant's undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by way of the Complaint;

2.      That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.      That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4.     That Defendant be awarded such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled matter.

DATED:  July 19, 2022

FISHER & PHILLIPS LLP

_____
Jason A. Geller
Juan C. Araneda
Attorneys for Defendant
WALMART INC.

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT

FP 44416175.1

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of San Francisco with the law offices of Fisher & Phillips LLP and its business address is 1 Montgomery Street, Suite 3400, San Francisco, California 94104.

On July 19, 2022, I served the following document(s) **DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT** the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Michael J. Jaurigue<br>S. Sean Shahabi<br>Barbara DuVan-Clarke<br>JAURIGUE LAW GROUP<br>300 West Glenoaks Boulevard, Suite 300<br>Glendale, California 91202 | ***Attorneys for Plaintiff***<br><br>Telephone: 818.630.7280<br>Facsimile: 888.879.1697<br><br>Email:<br>service@jlglawyers.com<br>michael@jlglawyers.com<br>sean@jlglawyers.com<br>barbara@jlglawyers.com |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily <u>familiar</u> with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (415) 490-9001.  The fax reported no errors.  A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed July 19, 2022, at San Francisco, California.

Sue Anne Travers
_____
Print Name

By: _____
Signature

1
PROOF OF SERVICE

FP 44416175.1

# EXHIBIT 3

1  Jason A. Geller (SBN 168149)
   Juan C. Araneda (SBN 213041)
2  FISHER & PHILLIPS LLP
   1 Montgomery Street, Suite 3400
3  San Francisco, CA 94104
   Tel: (415) 490-9000
4  Fax: (415) 490-9001
   jgeller@fisherphillips.com
5  jaraneda@fisherphillips.com

6  Attorneys for Defendant
   WALMART INC.

7

8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF SACRAMENTO**

12

13  FLOYD J. THOMPSON,                      CASE NO.:   34-2022-00321312
                                            *[Unlimited Jurisdiction]*
14
                        Plaintiff,          **NOTICE OF FILING OF NOTICE OF**
15                                          **REMOVAL**
          vs.
16

17  WALMART, INC., a Delaware corporation;
    and Does 1 through 50, inclusive,
18
                        Defendants.
19

20

21  **TO PLAINTIFF FLOYD J. THOMPSON, HIS ATTORNEYS OF RECORD AND THE**

22  **CLERK OF THE COURT OF SACRAMENTO COUNTY:**

23         **PLEASE TAKE NOTICE** that Defendant WALMART INC., by and through undersigned

24  counsel, has filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 in the above-

25  captioned action, removing the above-captioned action to the United States District Court for the Eastern

26  District of California.  Attached hereto as Exhibit A is a copy of the Notice of Removal (including all

27  exhibits) that was filed in the United States District Court for the Eastern District of California.

28         **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. section 1446, the filing of

                                             1
FP 44659814.1

the Notice of Removal in the United States District Court effectuates the removal of this action. Accordingly, no further proceedings should take place in this Court unless and until the case has been remanded.

DATE:  July 21, 2022                              FISHER & PHILLIPS LLP


                                        By: _____
                                              Jason A. Geller
                                              Juan C. Araneda
                                              Attorneys for Defendant
                                              WAL-MART ASSOCIATES, INC.

NOTICE OF FILING OF NOTICE OF REMOVAL

FP 44659814.1